ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| LUIS ALBERTO VALLEJOS CRUZ<br><br>Recurrente<br><br>V.<br><br>ESTHER RÍOS RODRÍGUEZ<br><br>Recurridos | KLRA202400141 | *REVISIÓN ADMINISTRATIVA* procedente de la Oficina de Gerencia de Permisos<br><br>Caso Núm.: 2024-542455-SDR-300326<br><br>Sobre: CONSTRUCCIÓN |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de abril de 2024.

Comparece ante *nos*, Luis Alberto Vallejos Cruz (recurrente), y nos solicita que revisemos la *Notificación No Acogiendo Solicitud de Revisión Administrativa* emitida por el Departamento de Desarrollo Económico, Oficina de Gerencia de Permisos (OGPe o recurrida) el 15 de febrero de 2024. Mediante dicho dictamen, la OGPe denegó acoger la *Solicitud de Revisión Administrativa* que presentó el recurrente ante dicho foro.

Por los fundamentos que expondremos a continuación, se *revoca* la *Notificación No Acogiendo Solicitud de Revisión Administrativa* que emitió la OGPe.

**I.**

Surge del expediente ante nuestra consideración que, el 17 de enero de 2024, la OGPe emitió una *Resolución de Consulta de Construcción* en el caso 2022-441663-CCO-009883. Ese mismo día, la *Resolución de Consulta de Construcción* fue notificada al recurrente mediante correo postal. Inconforme, el 6 de febrero de 2024, la parte recurrente presentó una *Solicitud de Revisión*

*Administrativa.* A esos efectos, el recurrente pagó el arancel requerido para la presentación de la *Solicitud de Revisión Administrativa.*

El 15 de febrero de 2024, la OGPe emitió una *Notificación No Acogiendo Solicitud de Revisión Administrativa.* En esencia, la OGPe señaló que la *Solicitud de Revisión Administrativa* se había presentado fuera del término jurisdiccional de veinte (20) días. Aseveró que la determinación objeto de revisión fue emitida el 17 de enero de 2024, y *Solicitud de Revisión Administrativa* se presentó el 7 de febrero de 2024.

Insatisfecho aun, el 18 de marzo de 2024, la parte recurrente acudió ante *nos* mediante un recurso de revisión judicial, y alegó la comisión del siguiente error:

> **Erró la OGPE al decretar la Notificación No Acogiendo la Solicitud de Revisión Administrativa, privando así a la parte recurrente de tener su día en corte y menoscabando el debido proceso de ley.**

Examinado el *Recurso de Revisión Judicial,* este Tribunal emitió una *Resolución* el 21 de marzo de 2024, concediéndole un término de veinte (20) días a la parte recurrida para que expresara su posición al recurso. El 22 de abril de 2024, la parte recurrida presentó un *Alegato de la Oficina de Gerencia de Permisos al Recurso de Revisión Judicial.* Contando con el beneficio de la comparecencia de todas las partes procedemos a resolver.

## II.

### A. Revisión judicial de las determinaciones administrativas

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, (3 LPRA sec. 9601 *et seq.*) (LPAU), se creó a los fines de uniformar los procedimientos administrativos ante las agencias. Consecuentemente, desde la aprobación del procedimiento provisto por la LPAU, los entes administrativos están precisados a conducir

sus procesos de reglamentación, adjudicación y concesión de licencias y permisos de conformidad con los preceptos de este estatuto y el debido proceso de ley. *López Rivera v. Adm. de Corrección*, 174 DPR 247, 254-255 (2008).

La Sección 4.1 de la LPAU, dispone que las decisiones administrativas finales pueden ser revisadas por el Tribunal de Apelaciones. (3 LPRA sec. 9671). La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones conforme a la ley y de forma razonable. *Capó Cruz v. Jta. de Planificación et al.,* 204 DPR 581, 590-592 (2020); *Empresas Ferrer, v. ARPe,* 172 DPR 254, 264 (2007). Es decir, la revisión judicial permite a los tribunales garantizar que las agencias administrativas actúen dentro de los márgenes de las facultades que le fueron delegadas por ley. *Capote Rivera y otros v. Voilí Voilá Corp. y otros,* 2024 TSPR 29, 213 DPR ___ (2024). A su vez, posibilita el poder constatar que los organismos administrativos "cumplan con los mandatos constitucionales que rigen el ejercicio de su función, especialmente con los requisitos del debido proceso de ley". Íd. Así, la revisión judicial constituye el recurso exclusivo para revisar los méritos de una decisión administrativa sea esta de naturaleza adjudicativa o de naturaleza informal. *Capote Rivera y otros v. Voilí Voilá Corp. y otros, supra*; *Depto. Educ. v. Sindicato Puertorriqueño,* 168 DPR 527 (2006).

Es norma reiterada que las decisiones de los organismos administrativos están revestidas de una presunción de regularidad y corrección, *OCS v. CODEPOLA,* 202 DPR 842, 852-853 (2019). Esto debido a que, mediante esta norma se reconoce el peritaje del que gozan los organismos administrativos en aquellas materias que le han sido delegadas por ley. *OCS v. Universal,* 187 DPR 164, 178

(2012); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821 (2012).

Nuestro máximo Foro ha establecido que, al ejercer la revisión judicial los tribunales no pueden descartar de forma absoluta la determinación de una agencia, sino que primero tienen que examinar la totalidad del expediente y determinar si la interpretación de la agencia representó un ejercicio razonable de su discreción administrativa, así fundamentado en la pericia particular de esta, en consideraciones de política pública o en la apreciación de la prueba. *Capote Rivera y otros v. Voilí Voilá Corp. y otros, supra; Otero v. Toyota,* 163 DPR 716 (2005).

Cónsono con lo anterior, la sección 4.5 de la LPAU establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "evidencia sustancial que obra en el expediente administrativo". (3 LPRA sec. 9675). Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por eso, el Tribunal Supremo ha resuelto con igual firmeza que los tribunales no pueden extender un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente, contrarias a derecho. *Super Asphalt v. AFI y otro* 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 127 (2019).

Sin embargo, la citada Sección 4.5 de la LPAU, *supra,* dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36-37 (2018)*.* Por ende, "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". *Torres Rivera*

*v. Policía de PR,* 196 DPR 606, 627 (2016). Lo anterior responde a la vasta experiencia y conocimiento especializado que tienen las agencias sobre los asuntos que le son encomendados. *González Segarra et al. v. CFSE,* 188 DPR 252, 276 (2013).

Al revisar las decisiones de las agencias, el criterio rector que debe guiar a los tribunales es la razonabilidad de la actuación, aunque ésta no tiene que ser la única o la más razonable. *Vargas Serrano v. Inst. Correccional,* 198 DPR 230, 237 (2017). Por lo tanto, al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Empresas Ferrer v. ARPe, supra,* pág. 264.

En esta tarea, los foros judiciales analizarán los aspectos siguientes: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial, y (3) si las conclusiones de derecho fueron correctas. *Asoc. Fcias v. Caribe Specially et al. II,* 179 DPR 923, 940 (2010). Mientras que, las determinaciones de hecho se deben sostener si las mismas se basan en evidencia sustancial que surja de la totalidad del expediente administrativo, *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36 (2018), las determinaciones de derecho pueden ser revisadas en su totalidad. *Torres Rivera v. Policía* de PR, *supra,* pág. 627.

Si bien es cierto que la revisión judicial no equivale a la sustitución automática del criterio e interpretación del organismo administrativo, *Rebollo v.* Y *Motors,* 161 DPR 69, 77 (2004), los tribunales revisores descartarán el criterio de los entes

administrativos cuando "no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". *Rolón Martínez v. Supte. Policía, supra.* Si la interpretación y la aplicación del derecho no es correcta, el foro apelativo está obligado a intervenir. *JP, Plaza Santa Isabel v. Cordero Badillo,* 177 DPR 177, 187 (2009). "En esas circunstancias, [el foro apelativo] cederá la deferencia que merecen las agencias en las aplicaciones e interpretaciones de las leyes y los reglamentos que administra". *Super Asphalt Pavement, Corp. v. AFI y otros,* 206 DPR 803, 819 (2021). Véase, además, *Capote Rivera y otros v. Voilí Voilá Corp. y otros, supra; Rolón Martínez v. Supte. Policía, supra.*

### B. Ley Núm. 161-2009

Mediante la Ley Núm. 161-2009, conocida como la Ley para la Reforma del Proceso de Permisos de Puerto Rico, según enmendada (23 LPRA sec. 9011 *et seq.*), se crearon varios organismos destinados a atender los diversos aspectos del proceso de permisos, entre los cuales está la OGPe. Dicha ley creó la OGPe como el organismo administrativo encargado de evaluar, aprobar o denegar las solicitudes ante su consideración. Véase, Exposición de Motivos de la Ley Núm. 161-2009, *supra.*

Con relación a la controversia que nos atañe, la Ley Núm. 161-2009, *supra,* en su Artículo 11.1 crea la División de Revisiones Administrativas como un organismo adscrito a la OGPe. (23 LPRA sec. 9021m). Dicho organismo, tendrá la función de revisar las actuaciones y determinaciones de la Junta Adjudicativa, la OGPe, los Profesionales Autorizados y los Municipios Autónomos con Jerarquía de la I a la V. Íd.

Cónsono con lo anterior, el Artículo 11.6 de la Ley Núm. 161-2009 (23 LPRA sec. 9021r), establece, entre otras cosas, que:

> [u]na parte adversamente afectada por una actuación o determinación final de la Oficina de Gerencia de Permisos, de la

Junta Adjudicativa, de los Municipios Autónomos con Jerarquía de la I a la V o de un Profesional Autorizado, podrá presentar una solicitud de revisión administrativa ante la División de Revisiones Administrativas, dentro del término jurisdiccional de veinte (20) días contados a partir de la fecha de archivo en autos, de copia de la notificación de la actuación o determinación final [...].

### III.

En su recurso, la parte recurrente sostiene que erró la OGPe al decretar la *Notificación No Acogiendo la Solicitud de Revisión Administrativa*, privando así a la parte recurrente de tener su día en corte y menoscabando el debido proceso de ley. Plantea, además, que la *Notificación No Acogiendo la Solicitud de Revisión Administrativa* es una contraria a derecho y menoscaba el debido proceso de ley.

Por su parte, la parte recurrida señala que el recurrente presentó una *Solicitud de Revisión Administrativa* el último día hábil para presentar la misma, entiéndase, el 6 de febrero de 2024. En igual fecha, realizó el pago correspondiente de los aranceles. Expresó que, la parte recurrente diligentemente y con conocimiento de que existía un problema con el registro del pago del *Single Business Portal*, realizó una *Solicitud de Ayuda* en la plataforma el 7 de febrero de 2024. Así pues, la parte recurrida adujo que no tuvo conocimiento directo de los problemas que presentó el *Single Business Portal*, por lo que al haberse adjudicado el pago de aranceles pasado el término jurisdiccional se emitió la *Notificación No Acogiendo la Solicitud de Revisión Administrativa*.

De una revisión del expediente ante *nos*, junto a la ley y la jurisprudencia aplicable podemos colegir que claramente incidió la parte recurrida al decretar la *Notificación No Acogiendo la Solicitud de Revisión Administrativa* por falta de jurisdicción. De conformidad con los hechos aquí reseñados, ciertamente, la parte recurrente presentó su *Solicitud de Revisión Administrativa* dentro del término jurisdiccional de veinte (20) días. Así pues, fue una falla en la

plataforma del *Single Business Portal* lo que no permitió que se adjudicara correctamente el pago del arancel el 6 de febrero de 2024. Así, aun con la diligencia desplegada por la parte recurrente al presentar la *Solicitud de Ayuda,* la parte recurrida procedió a emitir arbitrariamente la *Notificación No Acogiendo la Solicitud de Revisión Administrativa.*

**IV.**

Por los fundamentos antes expuestos, se *revoca* la *Notificación No Acogiendo Solicitud de Revisión Administrativa* que emitió la OGPe. En consecuencia, se devuelve el caso a la parte recurrida para que evalúe la *Solicitud de Revisión Administrativa* que presentó la parte recurrente.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones